## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| HARMON J. AMOS, JR. | ) | |
| 5444 Virginia Beach Boulevard | ) | |
| Apt. 107 | ) | |
| Virginia Breach, Virginia 23462 | ) | |
| | ) | |
|     **Plaintiffs,** | ) | **Civil Action No.:** _____ |
| **v.** | ) | |
| | ) | **Demand For Jury Trial** |
| KIRILL A. SHEVCHENKO | ) | |
| 23621 Sugar View Drive | ) | |
| Clarksburg, Maryland 20871-4315 | ) | |
| Montgomery County, Maryland | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MCVL GROUP, INC. | ) | |
| 16706 81ˢᵗ Avenue E | ) | |
| Puyallup, Washington 98375-6884 | ) | |
| | ) | |
| SERVE ON:  Constantin Moroga | ) | |
|            Resident Agent | ) | |
|            16706 81ˢᵗ Avenue E | ) | |
|            Puyallup, Washington 98375-6884 | ) | |
| | ) | |
|     **Defendants.** | ) | |

## COMPLAINT

The Plaintiff, Harmon J. Amos, Jr., by and through his attorneys, Jason R. Goren, and Slocumb Law Firm, LLC, sue the Defendants, Kirill A. Shevchenko, and MCVL Group, Inc.

## PARTIES, JURISDICTION, VENUE

1.

The Plaintiff, Harmon J. Amos, Jr., is a citizen of the State of Virginia, residing at 5444 Virginia Beach Boulevard, Apt. 107, Virginia Beach, Virginia 23462.

2.

Defendant, Kirill A. Shevchenko, is a citizen of Clarksburg, Maryland, and an employee and/or agent of Defendant, MCVL Group, Inc., and was doing business for said Defendant, MCVL Group, Inc., in North Charleston, South Carolina at all times material to the issues in this case and at the time of the filing of this Complaint is a citizen of Clarksburg, Maryland.

3.

Defendant, MCVL Group, Inc., is a trucking company that carries on a regular business in the State of Maryland, and is incorporated under the laws of the State of Washington, maintains its principal place of business in the State of Washington at 16706 81st Avenue E, Puyallup, Washington 98375, and is a citizen of the State of Washington by having been incorporated in the State of Washington and no other state and maintaining its principal place of business in the State of Washington. Defendant, MCVL Group, Inc., was doing business by agent in North Charleston, South Carolina at all times material to the issues in this case.

4.

This Court has jurisdiction of the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5.

Defendants, Kirill A. Shevchenko and Defendant, MCVL Group, Inc., individually, are subject to the jurisdiction of this Court and venue is proper in the Southern Division pursuant to 28 U.S.C. § 1391(b)(3).

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

6.

On February 1, 2021, Defendant, Kirill Al. Shevchenko, individually (hereinafter referred to as "Defendant Kirill"), was operating a tractor trailer owned by Defendant, MCVL Group, Inc. (hereinafter referred to as "Defendant MCVL"), traveling southbound on Meeting Street Road, at or near its intersection with Carner Avenue, in North Charleston, South Carolina.

7.

At said time and place, Plaintiff Harmon J. Amos, Jr. (hereinafter referred to as "Plaintiff"), was operating a motor vehicle traveling southbound along and upon Carner Avenue, which runs parallel to Meeting Street Road in North Charleston, South Carolina.

8.

At said time and place, Defendant MCVL's agent and/or employee, Defendant Kirill, failed to yield to Plaintiff's vehicle, and attempted to make a left turn onto northbound Carner Avenue from Meeting Street Road, and in doing so, collided with Plaintiff's vehicle. As a result of the collision, Plaintiff sustained serious and permanent bodily injuries.

9.

At the time of the motor vehicle collision that is the subject of this case, Defendant Kirill was acting within the line and scope of his employment and/or agency as the employee and/or agent of Defendant MCVL.

## COUNT ONE
**(Based On Negligence)**

10.

The Plaintiff in this Count is Harmon J. Amos, Jr.  The Defendants in this Count are MCVL Group, Inc., and Kirill A. Shevchenko, individually.

11.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 9 hereinabove as fully and completely as if the same were set forth verbatim herein.

12.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant MCVL, Defendant Kirill operated said tractor trailer in such a negligent manner as to (a) cause said tractor trailer to collide with the vehicle Plaintiff was operating, and (b) to cause said motor vehicle to be damaged beyond reasonable repair, and (c) to cause serious and permanent bodily injuries to the Plaintiff.

13.

In causing said tractor trailer to crash into the passenger's side of the vehicle Plaintiff was operating, Defendant MCVL's agent and/or employee, Defendant Kirill:

(a).    Negligently failed to exercise ordinary care.

(b).    Negligently failed to keep a proper look out.

(c).    Negligently failed to maintain proper control of said tractor trailer.

4

(d).    Negligently failed to yield the motor vehicle in which Plaintiff was

operating.

(e)    Otherwise acted in negligent disregard of the rights and safety of the

Plaintiff and others traveling on said public highway at said time and

place.

14.

The Plaintiff avers that the acts and conduct of Defendant MCVL's agent and/or

employee, Defendant Kirill on said occasion constitutes common law negligence.  The

Plaintiff further avers that the acts and conduct of said Defendant Kirill on said occasion

were in violation the motor vehicle laws of the State of South Carolina.

15.

As the proximate consequence of said negligence, Defendant MCVL's agent

and/or employee, Defendant Kirill, (a) in violating said statutes, and (b) in colliding with

the vehicle Plaintiff was operating, caused serious and permanent bodily injuries to the

Plaintiff.

16.

The Plaintiff avers that said negligent acts and conduct of the said Defendant

Kirill on said occasion are imputed to Defendant MCVL, and Defendant MCVL and

Defendant Kirill, are jointly and severally liable for the injuries suffered by the Plaintiff,

as a results of said negligent acts and conduct of the said Defendant Kirill.

WHEREFORE, Plaintiff, Harmon J. Amos, Jr., demands judgment against the

Defendants, in the just and fair amount of Five Million Dollars ($5,000,000.00), plus

interest and the cost of suit.

## COUNT TWO
### (Based On Recklessness and Wantonness)

17.

The Plaintiff in this Count is Harmon J. Amos, Jr.  The Defendants in this Count are MCVL Group, Inc., and Kirill A. Shevchenko, individually.

18.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 16 hereinabove as fully and completely as if the same were set forth verbatim herein.

19.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant MCVL, Defendant Kirill operated said tractor trailer in such a reckless and wanton manner as to (a) cause said tractor trailer to collide with the vehicle Plaintiff was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious and permanent bodily injuries to the Plaintiff.

20.

In causing said tractor trailer to crash into the passenger's side of the vehicle Plaintiff was operating, Defendant MCVL's agent and/or employee, Defendant Kirill:

(a).    Recklessly and Wantonly failed to exercise ordinary care.

(b).    Recklessly and Wantonly failed to keep a proper look out.

(c).    Recklessly and Wantonly failed to maintain proper control of said tractor trailer.

    (d).      Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiffs' were riding.

    (e)      Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiffs and others traveling on said public highway at said time and place.

21.

The Plaintiff avers that the acts and conduct of Defendant MCVL's agent and/or employee, Defendant Kirill on said occasion constitute statutory recklessness and wantonness.  The Plaintiff further avers that the acts and conduct of said Defendant Kirill on said occasion were in violation the motor vehicle laws of the State of South Carolina.

22.

As the proximate consequence of said recklessness and wantonness of Defendant MCVL's agent and/or employee, Defendant Kirill, (a) in violating said statutes, and (b) in colliding with the vehicle in which Plaintiff was operating, causing serious and permanent bodily injuries to the Plaintiff.

23.

The Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Kirill on said occasion are imputed to Defendant MCVL, and Defendant MCVL and Defendant Kirill, are jointly and severally liable to for the serious and permanent injuries to the Plaintiff as a result of said reckless and wanton acts and conduct of the said Defendant Kirill.

WHEREFORE, Plaintiff, Harmon J. Amos, Jr., demands judgment against the Defendants, in the just and fair amount of Five Million Dollars ($5,000,000.00), plus interest and the cost of suit.

## COUNT THREE
## (Based On Negligent and Wanton Entrustment)

24.

The Plaintiff in this Count is Harmon J. Amos, Jr.  The Defendants in this Count are MCVL Group, Inc., and Kirill A. Shevchenko, individually.

25.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 23 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein.

26.

The Plaintiff avers that on the occasion made the basis of this case, Defendant MCVL negligently, recklessly and wantonly entrusted said tractor trailer to the said Defendant Kirill; that the said Defendant Kirill was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said tractor trailer entrusted to him; and that Defendant MCVL knew, or by the exercise of reasonable care should have known, that the said Defendant Kirill was unsuitable to have said vehicle entrusted to him.

27.

The Plaintiff further avers that said negligent and wanton entrustment of said tractor trailer to the said Defendant Kirill (a) is combined with the negligent, reckless and

wanton acts and conduct of the said Defendant Kirill, and (b) is a concurrent, proximate cause of the Plaintiff's serious and permanent bodily injuries.

WHEREFORE, Plaintiff, Harmon J. Amos, Jr., demands judgment against the Defendant, MCVL Group, Inc., in the just and fair amount of Five Million Dollars ($5,000,000.00), plus interest and the cost of suit.

## COUNT FOUR
### (Based On Negligent and Wanton Hiring, Training, Retention and Supervision)

28

The Plaintiff in this Count is Harmon J. Amos, Jr.  The Defendants in this Count are MCVL Group, Inc., and Kirill A. Shevchenko, individually.

29.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 27 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

30.

The Plaintiff avers that Defendant MCVL, hired, trained, retained and supervised Defendant Kirill as a driver for an 18-wheel tractor-trailer truck.

31.

The Plaintiffs aver that the Defendant MCVL:

(a).     Acted in a negligent, reckless and wanton manner in hiring Defendant Kirill as a tractor-trailer truck driver,

(b).     Acted in a negligent, reckless and wanton manner in retaining Defendant Kirill as a tractor-trailer truck driver,

9

(c).    Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Kirill as a tractor-trailer truck driver, and

(d).    Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Kirill qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant entrusted to Defendant Kirill as the driver of an 18 wheel tractor-trailer truck on the public highways of the State of South Carolina and other states.

32.

The Plaintiff further avers that the serious and permanent injuries suffered by the Plaintiff were the proximate results of said negligence and wantonness of Defendant MCVL in the hiring, training, retention, monitoring and supervision of the said Defendant Kirill as the driver of an 18 wheel tractor-trailer truck on the public highways of State of South Carolina and other states.

WHEREFORE, Plaintiff, Harmon J. Amos, Jr., demands judgment against the Defendant, MCVL Group, Inc., in the just and fair amount of Five Million Dollars ($5,000,000.00), plus interest and the cost of suit.

This 2nd day of July, 2021.

Respectfully Submitted,


/s/ Jason R. Goren
Jason R. Goren, Bar No.: 18833
Slocumb Law Firm, L.L.C.
1225 I Street, NW, Suite 550A
Washington, DC 20005
P: (202) 737-4141
F: (202) 601-2479
jgoren@slocumblaw.com
COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARMON J. AMOS, JR. | ) | |
| 5444 Virginia Beach Boulevard | ) | |
| Apt. 107 | ) | |
| Virginia Breach, Virginia 23462 | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.: _____** |
| v. | ) | |
| | ) | **Demand For Jury Trial** |
| KIRILL A. SHEVCHENKO | ) | |
| 23621 Sugar View Drive | ) | |
| Clarksburg, Maryland 20871-4315 | ) | |
| Montgomery County, Maryland | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MCVL GROUP, INC. | ) | |
| 16706 81st Avenue E | ) | |
| Puyallup, Washington 98375-6884 | ) | |
| | ) | |
| SERVE ON:  Constantin Moroga | ) | |
|            Resident Agent | ) | |
|            16706 81st Avenue E | ) | |
|            Puyallup, Washington 98375-6884 | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Harmon J. Amos, Jr., requests a trial before a jury panel.

Respectfully Submitted,

/s/ Jason R. Goren
Jason R. Goren, Bar No.: 18833
Slocumb Law Firm, L.L.C.
1225 I Street, NW, Suite 550A
Washington, DC 20005
P: (202) 737-4141
F: (202) 601-2479
jgoren@slocumblaw.com
COUNSEL FOR PLAINTIFF